UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS DAVID JOHNSON,

        Plaintiff,                      Case No. 2:11-cv-152

v.                                            Honorable R. Allan Edgar

J. LINDER,

        Defendant.

_____/

## **ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On May 17, 2011, the Court issued an opinion and order (docket ##4, 5) denying Plaintiff leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court noted in its opinion that Plaintiff's allegations were not sufficient to show that he is eligible for the "imminent" danger exception to the three-strikes rule (docket #4). The Court required Plaintiff to pay the $350.00 civil action filing fee within twenty-eight days, and the Court warned that his case would be dismissed without prejudice should he fail to pay. The Court also warned that Plaintiff would be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

More than twenty-eight days have elapsed since the Court's order requiring Plaintiff to pay the filing fee, and Plaintiff has not paid the fee. Plaintiff, however, has filed another motion for leave to proceed *in forma pauperis* claiming that he is in imminent danger because Defendant

has taken food away from him on some occasions in the past and is still working in Plaintiff's unit (docket #6). Plaintiff claims:

> If I don't eat with my very strong blood pressure medication, [i]f I don't eat the medication threatens my system awful bad so that I have to stop what ever I am doing so the lack of food doesn't make me suffer so bad with the medication working on my system[.]

(Mot. for IFP Status, Page ID#29.)

Plaintiff's vague claims of discomfort and an "awful bad" threat to his system on occasions when Defendant withheld Plaintiff's food in the past are insufficient to allege imminent danger of serious physical injury to Plaintiff. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) ("[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception.") (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Accordingly, Plaintiff's renewed motion to proceed *in forma pauperis* will be denied, and the Court's earlier decision to deny Plaintiff leave to proceed *in forma pauperis* is affirmed.

Because Plaintiff has failed to comply with the Court's previous order requiring payment of the filing fee, dismissal of this action without prejudice is appropriate. The obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court; thus, Plaintiff remains liable for payment of the civil action filing fee despite the dismissal of his action. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). Not to require payment of the full filing fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints without financial consequence. *Id.* Accordingly, the agency having custody of Plaintiff shall collect the $350.00 civil action filing fee and remit the funds to the Clerk of this Court. The check or money

order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

Therefore, in accordance with this Order, the Court will issue a Judgment dismissing the complaint without prejudice for lack of prosecution. Further,

**IT IS ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* (docket #6) is **DENIED**.

**IT IS ALSO ORDERED** that the agency having custody of Plaintiff shall collect the $350.00 civil action filing fee and remit the funds to the Clerk of this Court.

**IT IS ALSO ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $455.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).


Dated:   7/6/2011                              */s/ R. Allan Edgar*
                                               R. Allan Edgar
                                               United States District Judge